■ SUSAN F. ALTAMORE et al., Respondents, v SEQUA CORPORATION et al., Defendants and Third-Party Plaintiffs-Appellants. GBJ CORPORATION et al., Third-Party Defendants-Respondents. [666 NYS2d 11] —In an action, *inter alia,* to recover commissions allegedly due and payable under an oral contract, the defendants third-party plaintiffs Sequa Corporation and Sequa Capital Corporation appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated March 7, 1997, as denied that branch of their motion which was for a protective order regarding certain documents removed from their initial privilege list, dated June 28, 1993, and directed the production of those documents.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted for an in camera inspection of the documents removed from the initial privilege list and a determination as to whether such documents are privileged.

The Supreme Court erred in directing the production of certain documents without first conducting an in camera review. Contrary to the court's finding, the defendants asserted either an attorney-client or a work product privilege as to each document at issue. Whether a particular document is protected by a privilege is necessarily a fact-specific determination, generally requiring in camera review (*see, Spectrum Sys. Intl. Corp. v Chemical Bank,* 78 NY2d 371, 378). The court should have conducted such a review in this case. Altman, J. P., Friedmann, Krausman and McGinity, JJ., concur.